UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVENS G., | Case No. 20-924 (BRM) |
| Petitioner, | |
| v. | OPINION |
| WILLIAM ANDERSON, | |
| Respondent. | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241 filed by Petitioner Stevens G. ("Petitioner"). (ECF No. 1.) Following an order to answer, the Government filed a response to the petition (ECF No. 6), to which Petitioner replied (ECF No. 11.) In complying with an order from this Court (ECF No. 10), the Government filed a supplemental response (ECF No. 14.) For the following reasons, this Court will grant the Petition and direct Respondents to provide Petitioner with an individualized bond hearing before an immigration judge within 14 days of the date of this order, in accordance with the Third Circuit's decision in *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 213 (3d Cir. 2020).

**I. BACKGROUND**

Petitioner is a native and citizen of Haiti who was admitted to the United States as a lawful permanent resident in July 2009. (ECF No. 6-1 at 3.) On December 7, 2018, Petitioner was convicted in New Jersey Superior Court, Monmouth County for "Endangering-Sexual Conduct with Child by Non-Caretaker" in violation of N.J.S.A. 2C:24-4A(1). (*Id.*) On the same day,

Petitioner was convicted in an unrelated matter for the offense of criminal sexual conduct in violation of N.J.S.A. 2C:14-3B.[1] (*Id.*)

On February 20, 2019, Petitioner was served with a Notice to Appear charging Petitioner as removable pursuant to sections 237(a)(2)(A)(ii), 237(a)(2)(A)(iii) and 237(a)(2)(E)(i) of the Immigration and Nationality Act. (*Id.*) At a master calendar hearing on March 14, 2019, Petitioner admitted to allegations one, two, three, and five, but denied allegation six, which the Court found to be true and correct based on the evidence submitted. (*See* ECF No. 6-3, at 3.) Petitioner denied all charges of removability, which the immigration judge ("IJ") treated as an oral motion to terminate proceedings. (*See id.* at 3, fn. 4) The matter was continued to allow the parties to brief the issue of removability. (*See id.*) At a master calendar hearing on May 8, 2019, Petitioner argued the Department of Homeland Security ("DHS") failed to meet its burden of establishing Petitioner is removable. (*See id.*) The IJ continued to matter for decision and on May 14, 2019 the IJ denied Petitioner's motion to terminate and sustained the charges of removability.[2] (*See generally id.*)

On July 17, 2019, Petitioner filed an application for relief from removal. (*See* ECF No. 14-4, Burgus Declaration ("Burgus Decl.") at ¶ 7.) The hearing was adjourned to October 15, 2019, for an individual calendar hearing on the merits, at which time the hearing was adjourned to January 6, 2020 at Petitioner's request. (*Id.* at ¶ 7-8; *see also* ECF No. 14-1, Attachment 1, January 9, 2020 IJ Oral Decision.) Following the January 6, 2020 hearing, the IJ continued the matter until January 9, 2020 for issuance of decision. (Id. at ¶ 9.) On January 9, 2020, the IJ issued an oral

---

[1] Petitioner has additional older criminal convictions. (*See* ECF No. 6-2.)

[2] The Court took these dates and reasons for continuances from the IJ's May 14, 2019 opinion (ECF No. 6-3). The Court notes that the Declaration from Elizabeth Burgus, which was provided by Respondents, (ECF No. 14-4) indicates that the March 14, 2019 and May 8, 2019 continuances were both at the request of Petitioner. That assertion conflicts with the IJ's opinion and stated reasons for the continuances.

2

decision denying Petitioner's application for relief and ordered him removed. (*See* ECF No. 14-1, Attachment 1.) Petitioner appealed the decision to the Board of Immigration ("BIA") and on June 18, 2020, the BIA denied Petitioner's appeal. (ECF No. 14-1, June 18, 2020 BIA Decision.)

On July 17, 2020, Petitioner filed a petition for review with the Third Circuit Court of Appeals under docket number 20-2484. On the same day, the Third Circuit granted a temporary stay of removal. (ECF No. 14-2.) On November 23, 2020, the Third Circuit granted Petitioner's stay, however, the petition for review remains pending.[3] (ECF No. 14-3.)

## II.  LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

---

[3] The Third Circuit ruled "Petitioner's motion for a stay of removal is granted. *See Nken v. Holder*, 556 U.S. 418,434 (2009); *In re Revel AC, Inc*., 802 F.3d 558,571 (3d Cir. 2015). In particular, Petitioner has shown some likelihood of success on the question whether the Immigration Judge and Board of Immigration Appeals properly considered all of the record evidence about whether the Government of Haiti is able to protect him from possible torture. As he has raised some potentially meritorious claims, the motion for appointment of counsel is also granted. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). We make these observations solely to adjudicate his stay motion and counsel motion; we are not resolving the merits of the case at this time." (ECF No. 14-3.)

**III.   DECISION**

    **A.  Bond Hearing**

In his habeas petition, Petitioner argues that his continued detention has become so prolonged that it amounts to an unconstitutional application of § 1226(c). Petitioner's claim and request for an individualized bond hearing is governed by the Third Circuit's recent decision in *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 210–11 (3d Cir. 2020).

There, the Third Circuit clarified that its due process analysis in *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469 (3d Cir. 2015) and *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011), survives the Supreme Court's 2018 decision in *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018).[4] *See German Santos*, 965 F.3d at 210 (explaining that *Jennings* "did not touch the constitutional analysis that led *Diop* and *Chavez-Alvarez* to their reading"); *see also Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274, 278 (3d Cir. 2018) ("*Jennings* did not call into question our constitutional holding in *Diop* that detention under § 1226(c) may violate due process if unreasonably long."). Thus, the constitutional analysis in *Diop* and *Chavez Alvarez* is still good law, and those cases govern as-applied challenges under § 1226(c). *See id.*

  Under the *German Santos* test, a district court evaluating the constitutionality of prolonged detention under 8 U.S.C. § 1226(c) must consider the following factors - the length of detention in

---

[4] In *Jennings v. Rodriguez*, the Supreme Court reversed the Ninth Circuit's holding that three detention provisions of the INA—8 U.S.C. §§ 1225(b), 1226(a), and 1226(c)—did not authorize prolonged detention without a bond hearing. Applying the canon of constitutional avoidance, the Ninth Circuit had construed these three provisions to require an automatic bond hearing before the immigration judge ("IJ") at six months of detention. *See Rodriguez v. Robbins*, 804 F.3d 1060, 1078-85 (9th Cir. 2015). The Court rejected the lower court's "implausible constructions" of the three detention statutes, and remanded for the Ninth Circuit to decide in the first instance whether due process requires a bond hearing with the burden on the government when detention under the three provisions becomes prolonged. *Id.* at 842-47, 851.

light of the likelihood of whether detention under the statute is likely to continue, the reasons for the delay which caused the petitioner's detention to become prolonged including whether either party made errors in bad faith or out of carelessness which unnecessarily prolonged removal proceedings; and finally whether the conditions of confinement are "meaningfully different from criminal detention." *German Santos*, 965 F.3d at 210-11. The first factor – the length of detention – is the most important factor and should be accorded the greatest weight in the weighing of the length of a petitioner's detention. Although the Third Circuit rejected a bright line rule and held that detention of even over a year may well pass constitutional muster, the Court of Appeals reaffirmed that "when detention [becomes so prolonged as to be] unreasonable, the Due Process Clause demands a [bond] hearing." *Id.* at 210. Where an alien has been detained for a considerable period of time well in excess of a year, the alien's detention is likely to continue, and the alien's delay has resulted from good faith challenges to his removal, the factors suggest that the alien's detention has become unreasonable, and a bond hearing is warranted, especially if his conditions of confinement are punitive in nature. *Id.* at 210-213.  In *Diop*, the Third Circuit explained that detention "becomes more and more suspect" after five months, 656 F.3d at 234, and held that the two-year-and-eleven-month detention of an alien who had been granted withholding of removal was unreasonable. *Id.* at 233–34. In *Chavez Alvarez*, the Court held that a lawful permanent resident's detention became unreasonable sometime between six months and one year. 783 F.3d at 478.

The Third Circuit examined German Santos's two and one- half years detention and determined that, "[g]iven its length, likelihood of continuing, and conditions, [the detention had] become unreasonable. *Id.* at 212. The Third Circuit explained it was likely German Santo's detention would continue, as his appeal before the BIA was still pending, and he would thereafter

seek review of the BIA's decision by the court of appeals. *See id.* The Court found no evidence of bad faith by the government or by German Santos, so "this factor [did] not favor either side." *Id.* Finally, the Court noted that German Santos was detained "alongside convicted criminals since late 2017" and "[d]espite its civil label, his detention is indistinguishable from criminal punishment." *Id.* at 212-13.

Here, Petitioner has been detained pursuant to § 1226(c) for nearly twenty-six months, longer than the petitioner in *Chavez Alvarez* and almost as long as the petitioner in *German Santos*. Based on the length of detention considered in *German Santos*, Petitioner's length of detention strongly weighs in Petitioner's favor. Petitioner's petition for review is still pending with the Third Circuit, who found some likelihood of success on the merits and appointed counsel. The Third Circuit has not resolved the merits of the petition for review, as such, his detention is likely to continue of a period of time out of Petitioner's control. Petitioner's lengthy detention does not appear to be attributable to any unnecessary delay of bad faith on the part of Petitioner or the government. Petitioner's conditions of confinement Bergen County Jail are not meaningfully distinguishable from criminal punishment, particularly in light of the ongoing COVID-19 pandemic. Based on the above weighing of the *German Santos* factors, the Court finds Petitioner's twenty-six-month detention is unreasonable and will grant the habeas petition. The Court directs the Government to provide Petitioner with a bond hearing before an immigration judge, where the Government bears the burden of proof to justify detention by clear and convincing evidence. *See German Santos*, 965 F.3d at 213 ("We have already held that the Government bears the burden of proof. That burden, we now hold, is to justify detention by clear and convincing evidence.").

**B. Restraining Order**

Petitioner also requests the Court issue a restraining order and direct DHS/ICE not to transfer Petitioner from the jurisdiction of this Court, during the pendency of these proceedings and while Petitioner remains in Respondents' custody. As the Supreme Court has explained, "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Rumsfeld v. Padilla*, 542 U.S. 426, 440-41 (2004); *see also Chavez-Rivas v. Olsen*, 194 F. Supp. 2d 368, 376 (D.N.J. 2002) ("where an [immigration detainee] habeas petitioner properly files a habeas petition in the district where he is incarcerated, and the petitioner is subsequently transferred to a facility outside of that district, . . . the original District Court [may] retain jurisdiction over the habeas petition," by naming an appropriate respondent over whom the Court has jurisdiction, such as the Attorney General). Thus, in the event Petitioner is transferred but not removed, this Court will retain jurisdiction over Petitioner's current petition as Petitioner names as Respondent a custodian within the Court's jurisdiction, the Court has found it has proper jurisdiction, and this Court will remain capable of granting Petitioner the relief he seeks – a bond hearing – regardless of any transfer. Because this Court will retain jurisdiction over this matter unless and until Petitioner is removed from the United States, because this Court has no jurisdiction to interfere with actions taken in furtherance of Petitioner's removal pursuant to his currently final order of removal, *see, e.g.,* 8 U.S.C. §§ 1252(a)(5), (b)(9), and because the protective order Petitioner seeks is unnecessary, Petitioner's request for an order barring his transfer during the pendency of this matter is denied without prejudice.

Petitioner also requests a restraining order instructing that DHS/ICE should not remove him to Haiti until his appeal is decided. As explained above, the Third Circuit Court of Appeal

granted Petitioner a stay of removal preventing Petitioner's removal to Haiti until the Third Circuit has decided his petition for review. Thus, Petitioner's request for a restraining order preventing his removal is moot.

Additionally, the Court lacks jurisdiction over Petitioner request for stay of removal. In 2005 Congress enacted the Real ID Act, which modified provisions of § 1252 to specifically remove jurisdiction under 28 U.S.C. § 2241, as well as any other sort of habeas jurisdiction. *See* Real ID Act, Pub. L. No. 109-13, § 106, 119 Stat. 231, 310–11 (2005). As amended, § 1252(g) now reads as follows:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g) (emphasis added). And, as amended, § 1252(b)(9) now states:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this title shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28, United States Code, or any other habeas corpus provision, by sections 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9) (emphasis added).

As a result, the REAL ID Act, in effect, forecloses "most claims that even relate to removal" as causes of action in habeas proceedings. *Tazu v. Attorney General United States*, 975 F.3d 292, 296 (3d Cir. 2020) (quoting *E.O.H.C. v. Sec'y United States Dep't of Homeland Sec.*,

950 F.3d 177, 180, 184 (3d Cir. 2020)); *Joshua M. v. Barr*, 439 F. Supp. 3d 632, 668 (E.D. Va. 2020) (citing *Jahed v. Acri*, 468 F.3d 230, 233 (4th Cir. 2006)). Instead, these claims must be funneled into a petition for review before the appropriate Court of Appeals. *Tazu*, 975 F.3d at 299.

The Third Circuit recently held in *Tazu*, that the petitioner could not challenge the timing of his removal in a habeas petition because that would impair the Attorney General's ability to execute of an order of removal – the very sort of challenge barred by § 1252(g) and § 1252(b)(9). *Id.* at 296–97. Such a challenge, the Third Circuit held, must be raised in a petition for review before the appropriate court of appeals. *Id.* at 296, 300.

Petitioner's request for a restraining order staying his removal, is a challenge to the Attorney General's ability to execute an order of removal. Thus, based on *Tazu*, the Court lacks jurisdiction under § 1252(b)(9) and § 1252(g) to grant petitioner's claim.

### IV. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is GRANTED, and petitioner shall receive a bond hearing before an immigration judge within fourteen days. An appropriate order follows.

**Date:** August 3, 2021

*s/Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE
